MYERS VS. ANSPACH ET AL.

The cases of *State Bank vs. Conway*, 13 *Ark.* 344; *Jones et al. vs. Gatlin*, 16 *Ark.* cited.

*Quere:* Does a mistake in stating the name of the judge, before whom a judgment, upon which the suit is founded, was rendered, constitute a variance, of which advantage may be taken.

*Appeal from Sebastian Circuit Court*

Hon. JOHN J. CLENDENIN, Circuit Judge, presiding.

S. H. HEMPSTEAD, for the appellant.

Mr. Justice HANLY delivered the opinion of the Court.

This was an action of debt, brought on a foreign judgment, and was tried in the Sebastian Circuit Court, upon an issue to a plea of *nul tiel record*, interposed by the appellant. Upon this issue, there was a finding for the appellees. The transcript further states, that, after the finding by the court, upon the issue of *nul tiel record*, "neither of the parties requiring a jury, and the court being sufficiently advised of the premises, do find that said

defendant is indebted to the said plaintiff in the sum," &c. There seems to have been no exception taken to the finding of the court upon the issue of *nul tiel record*, nor was the transcript sued on, brought legitimately on the record by oyer craved and granted. The entry, in respect to the record sued on, is in these words: "And the record aforesaid being inspected by the court, it sufficiently appears that there is such a record," &c. No complaint seems to have been made in the court below, to any ruling or decision of that court. There does not seem to have been a motion for a new trial made. The defendant below appealed from the final judgment rendered in the cause, and assigns as error here, "that the court below found the issue on *nul tiel record*, for the appellees, and that the judgment was rendered against appellant, whereas, by the law of the land, such judgment should have been given in his favor."

It is insisted, on the part of the appellant, that the transcript of the judgment does not correspond with the one described in the declaration, in this: that the declaration describes the judgment as recovered at the District Court of the City of Philadelphia, in and for the State of Pennsylvania, at the June term of said court, 1854, "before the Hon. GEORGE SHURMAN, Esq., President Judge," &c., and it appears from the transcript of the judgment that it "was recovered before GEORGE SHARSWOOD, President Judge," &c.

If we had a right to look into this transcript for the purpose of determining this assumption on the part of the counsel, we doubt not, but that it might be shown, from both principle and authority, that it does not constitute such a variance as to render the judgment irregular, or authorize us to reverse it on that account. But on the express authority of *Jones et al vs. Gatlin*, 16 *Ark. Rep.* 35, and the *State Bank vs. Conway*, 13 *Ark. Rep.* 344, we have no power or right to look into the question, as the case is presented to us upon the transcript in this cause. The truth is, there is no case presented for the consideration of this

court, either on error or appeal. See, also, *Kinney et al. vs. Heald*, decided at the present term of this court.

The judgment of the Sebastian Circuit Court is affirmed, with 5 per cent. damages on the amount of the judgment recovered below, and costs.

Absent, Mr. Justice SCOTT.